995 A.2d 957 (2010)
In re X.F., Appellant.
No. 08-FS-996.
District of Columbia Court of Appeals.
Submitted February 4, 2010.
Decided May 27, 2010.
Raymond J. Rigat, Clinton, CT, appointed by the court, was on the brief for appellant.
Peter J. Nickles, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Rosalyn Calbert Groce, Deputy Solicitor General, and John J. Woykovsky, Assistant Attorney General, were on the brief for the District of Columbia.
Before KERN, BELSON, and STEADMAN, Senior Judges.
PER CURIAM:
X.F., a juvenile, appeals the Family Court's determination of the amount that he and his mother were ordered to pay as restitution for damage he caused to a car he had stolen and wrecked. Because the trial court did not correctly apply the relevant statute in determining the restitution amount, we reverse and remand for further proceedings.[1]

I.
X.F., then seventeen years old, stole a car, fled from police, and hit two other cars with the stolen car, damaging all three. The following day, a petition was filed in the Family Court charging X.F. with several violations of law. That day, the Family Court issued a participation order requiring X.F.'s mother, inter alia, to "[a]ttend all court hearings." X.F. pleaded guilty to one count of theft, *958 D.C.Code §§ 22-3211, -3212 (2001); one count of unauthorized use of a motor vehicle, § 22-3215; three counts of destruction of property, § 22-303; and two traffic violations. X.F.'s release order on the day of the plea hearing provided for his placement in a secured or unsecured facility if he failed to "appear at all scheduled hearings," and his notice to return to court provided for issuance of a warrant for his arrest based on "failure to appear." The trial court scheduled a restitution hearing on, inter alia, the damage to the stolen car.
X.F.'s mother was not present at the restitution hearing, while X.F. appears to have been present at the time set for the restitution hearing, but absent later when the case was called. X.F.'s attorney moved for a continuance based on his absence, assertedly, in part, so that X.F. could testify as to his ability to pay restitution, see § 16-2320.01(b). The judge denied the continuance, stating, "I'm sure I'm going to see this [case] again.... Today I am through with it.... [T]hey put themselves in the position not to be here to say, `I can't pay that.'"
Both the attorney for X.F. and the judge stated at the restitution hearing that there was no evidence of the value of the car, a 1996 Honda Accord with 274,922 miles on the odometer. The judge observed that there was only hearsay evidence that the value of the car was about $4000, referring to the car owner's testimony that, according to a Honda dealer, because the car was worth only about $4700, this would "just total the car," meaning that the repair estimate was greater than the value of the car. The judge ordered restitution as to the stolen car in the amount of $7056.93, a figure based solely on repair estimates provided by the car's owner of $236.20 for repair of the ignition and $6820.73 for the rest of the repair.

II.
A trial court enjoys discretion in its determination of restitution. Sloan v. United States, 527 A.2d 1277, 1290 (D.C. 1987). This discretion is to be exercised within certain constraints, however: inter alia, the trial court must consider the financial ability to pay of any juvenile or parent subject to the order, § 16-2320.01(b) (2007), and must not set restitution that exceeds the fair market value of damaged or destroyed property that is the basis for the restitution, § 16-2320.01(c)(1)(A)-(B). D.C.Code § 16-2320.01(c)(1) provides that "[a] judgment of restitution under this section may not exceed," "[a]s to property stolen, destroyed, converted, or unlawfully obtained, the lesser of the fair market value of the property or $10,000," and, "[a]s to property damaged, or substantially decreased in value, the lesser of the amount of damage or the decrease in value of the property, not to exceed the fair market value of the property, or $10,000." Section 16-2320.01(c)(1)-(c)(1)(B) (emphasis added).
The trial court in this case ordered X.F. and his mother to pay restitution without considering the ability of either to pay. Appellant argues with some force that the trial court thus failed to apply the statute correctly. In the circumstances of this case, however, we need not reach the issue whether the trial court abused its discretion by failing to continue the hearing in order to give petitioner and his mother an opportunity to be heard on this issue.[2]
*959 Reversal and remand is required on a separate ground. With respect to the value of the car, the trial judge stated, "if I have no value of the car, I can say, well, his damages," as evidenced by the cost of repair, "seem reasonable." The statute, however, does not support this approach, but rather bars restitution in excess of value. With respect to the same issue, the trial court also noted that one who challenges the reasonableness of an amount in a bill or written statement bears the burden of proof on this score. Section 16-2320.01(e). The reasonableness of a repair estimate, however, is by no means controlling in the determination of whether the amount of restitution sought or granted exceeds the property's value, a calculation the trial court here was factually not in a position to make. Cf. Withers v. Wilson, 989 A.2d 1117, 1120 (D.C.2010) (observing that fair market value is the measure of damages where a chattel is completely destroyed and is the "usual and `traditional' measure of damages" for conversion of property; defining fair market value as the price that would result from negotiation between willing seller and buyer); see also 15 BLASHFIELD AUTOMOBILE LAW & PRACTICE § 480.1 (4th ed. 2003).
The hearsay statement of the Honda dealer that the car was worth only about $4700 and was totaled was not admissible, but it served to put the trial court on notice that the old and high-mileage car was worth less than the estimate for repairs. Under the circumstances, it was incumbent upon the trial court to continue the hearing until the parties could place before it evidence of the fair market value of the car.
In light of the foregoing, we reverse and remand for further proceedings consistent with this opinion.
So ordered.
NOTES
[1] As we reverse and remand, we do not decide the other issue X.F. raises, i.e., whether the trial court abused its discretion in denying his motion for a continuance, see infra. Nor need we reach the question whether the restitution hearing was a part of the juvenile delinquency proceeding at which the juvenile's presence was required.
[2] We note that at least three documents issued by the trial court provided the trial court with recourse for X.F.'s and his mother's absence: namely, the possibility of having them arrested and brought before the court.